# ATTACHMENT K

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR COUNTY OF KING

| | |
|---|---|
| MICHAEL J. WALLACE,<br><br>Plaintiff,<br><br>vs.<br><br>LIVE NATION WORLDWIDE, INC., a Delaware Corporation doing business in Washington, **STARPLEX CORPORATION d/b/a CROWD MANAGEMENT SERVICES, an Oregon Corporation doing business in Washington,** JOHN DOE and JANE DOE, individually and the marital community composed thereof; and JOHN and JANE DOES 1 through 5;<br><br>Defendants. | NO. 20-2-06746-6 SEA<br><br>AMENDED COMPLAINT FOR DAMAGES |

COMES NOW Plaintiff against the above-named Defendants and states and alleges as follows:

**I.    PARTIES & JURISDICTION**

1.1    Plaintiff Michael J. Wallace is now, and was at all relevant times hereinafter alleged, a resident of Burien, Washington. In the event this defendant is married, then his acts and omissions hereinafter described were for and on behalf of his marital community.

PROPOSED AMENDED COMPLAINT FOR DAMAGES
PAGE - 1

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

1.2     Defendant Live Nation Worldwide, Inc. (Live Nation) is now believed to be, and was at all relevant times hereinafter alleged, a Delaware corporation conducting business in the state of Washington.  Based on information and belief, Live Nation's owns and manages the outdoor amphitheater property located 754 Silica Road NW, George, Washington, and also known as "The Gorge."

1.3     Defendant Live Nation's registered agent for service of process is Corporate Creations Network Inc. located at West 505 Riverside Ave. Ste. 500, Spokane, WA, 99201. Defendant Live Nation's registered agent was properly served with Plaintiffs' summons and complaint.

**1.4     Defendant Starplex Corporation (Starplex) is now believed to be, and was at all relevant times hereinafter alleged, an Oregon corporation conducting business in the state of Washington. At all times during the incident described in this Complaint, Starplex was contracted out by Defendant Live Nation to run security at the amphitheater property located 754 Silica Road NW, George, Washington, and also known as "The Gorge".**

**1.5     Defendant Starplex's registered agent for service of process is David Christiansen located at 907 W. Sharp Ste 2, Spokane, WA, 99201. Defendant Starplex's registered agent was properly served with Plaintiffs' summons and amended complaint.**

1.6     Defendant John Doe is the dog owner who is now believed to be, and was at all relevant times hereinafter alleged, a Washington resident. In the event this defendant is married, then his acts and omissions hereinafter described were for and on behalf of his marital community.

PROPOSED AMENDED COMPLAINT FOR DAMAGES
PAGE - 2

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

1.7 Defendants John and Jane Does, No.'s 1 through 5, are unknown individuals or entities that may share fault for the Plaintiffs' injuries and damages as described herein. The identity of these defendants is unknown and therefore they are being sued under the fictitious names of John and Jane Does 1 through 5. Plaintiffs reserve the right to amend their complaint to add one or more of these defendants should their identity be discovered at a later date.

1.8 Based on information and belief, Defendant Live Nation has an office located in King County, WA. Said defendant also conducts and/or transacts business in King County, WA. Said defendant also produces and/or manages weekly concerts, comedy shows, and other live events all throughout King County, WA. Therefore, pursuant to RCW 4.12.025 and other related statutes, King County is a proper venue for this action.

**1.9 Defendant Starplex has an office located in King County, WA. Said defendant conducts and/or transacts business in King County, WA. Therefore, pursuant to RCW 4.12.025 and other related statutes, King County is a proper venue for this action.**

## II.   FACTS

2.1 "The Gorge" is an outdoor concert venue or amphitheater that is near the Columbia River in George, Washington.

2.2 The Gorge venue consists of fencing that surrounds an amphitheater, campgrounds, and parking.

2.3 To gain entrance to the concert venue, the public must pass through multiple security checkpoints.

PROPOSED AMENDED COMPLAINT FOR DAMAGES
PAGE - 3

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

**2.4** The security checkpoints are staffed by Defendant Starplex and managed by Defendant Live Nation.

**2.5** Defendant Starplex was instructed to adhere to Defendant Live Nation's own rules and policies

2.6   Dogs are not allowed at or inside "The Gorge" as per Defendant Live Nation's own rules and policies.

2.7   On or about June 29, 2018, Defendant Live Nation produced a concert at "The Gorge" featuring the classic rock band, "The Grateful Dead."

2.8   Plaintiff, a business invitee, purchased a venue or admissions ticket from Live Nation to attend "The Grateful Dead" concert.

**2.9** **Defendant Live Nation and Defendant Starplex permitted entry of a non-service dog into the "The Grateful Dead" concert venue with Defendant John Doe, despite Defendant Live Nation's own rules that prohibited such conduct.**

**2.10** **Defendant Live Nation and Defendant Starplex improperly allowed a non-service dog to pass the security checkpoints that were supposed to be monitored and controlled by employees and/or agents of Defendant Live Nation and Defendant Starplex.**

**2.11** **Defendant Live Nation and Defendant Starplex also improperly allowed a non-service dog to remain on or inside The Gorge premises for several hours and despite the fact that Live Nation's and Starplex's employees and security staff observed the dog on the premises over a prolong period of time.**

PROPOSED AMENDED COMPLAINT FOR DAMAGES
PAGE - 4

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

2.12  While Plaintiff was walking back to his vehicle with his friend in camping section "E" they passed Defendant John Doe who was laying in the grass unconscious and with a dog nearby.

2.13  Another concert patron approached Plaintiff and told him that she was very concerned about Defendant John Doe's health and that he may need prompt medical attention.

2.14  Plaintiff slowly approached Defendant John Doe to make sure he was responsive and that he was not experiencing a medical emergency.

2.15  Plaintiff was about six to eight feet away from Defendant John Doe when the dog suddenly and unexpectedly lunged at Plaintiff's face.

2.16  Plaintiff unsuccessfully tried to avoid the dog and/or to avoid an attack or injury inflicted by the dog.

2.17  The dog managed to attack and inflict injury upon the Plaintiff, biting his hand several times.

2.18  As a result of an unprovoked dog attack Plaintiff sustained significant bodily injuries and permanent scaring.

### III.   FIRST CAUSE OF ACTION – PREMISES LIABILITY

3.1 Plaintiff re-alleges the allegations set forth in Sections I through IV and incorporates them as fully set forth herein.

3.2 At all times material hereto, Plaintiff was a business invitee at a concert venue owned and/or managed by Defendant Live Nation.

PROPOSED AMENDED COMPLAINT FOR DAMAGES
PAGE - 5

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

3.3     Defendant Live Nation had specific rules that prohibited patrons from bringing dogs into The Gorge concert venue.

3.4     Defendant Live Nation therefore knew that allowing dogs to enter onto its concert venue posed an unreasonable risk of harm to patrons.

3.5     Defendant Live Nation knowingly and/or negligently created and maintained an unsafe and dangerous condition on the property by allowing a vicious and dangerous dog to enter its concert venue.

3.6     Defendant Live Nation knew or should have reasonably known that a business invitee and other people entering onto The Gorge property may not discover or realize the danger posed by other patron's dogs until it was too late for the business invitee or person to protect themselves from the danger.

3.7     Defendant Live Nation knew or should have reasonably expected that business invitees entering onto the property may be unable to protect themselves from unauthorized dogs on the property, especially if the dog was aggressive.

3.8     Defendant Live Nation failed to exercise any reasonable precaution to protect business invitees, including Plaintiff, from the vicious and aggressive dog.

**3.9     Defendant Starplex was aware of Live Nation's specific rules that prohibited patrons from bringing dogs into The Gorge concert venue.**

**3.10    Defendant Starplex therefore knew that allowing dogs to enter onto its concert venue posed an unreasonable risk of harm to patrons.**

PROPOSED AMENDED COMPLAINT FOR DAMAGES
PAGE - 6

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

**3.11** Defendant Starplex knowingly and/or negligently created and maintained an unsafe and dangerous condition on the property by allowing a vicious and dangerous dog to enter its concert venue.

**3.12** Defendant Staplex knew or should have reasonably known that a business invitee and other people entering onto The Gorge property may not discover or realize the danger posed by other patron's dogs until it was too late for the business invitee or person to protect themselves from the danger.

**3.13** Defendant Starplex knew or should have reasonably expected that business invitees entering onto the property may be unable to protect themselves from unauthorized dogs on the property, especially if the dog was aggressive.

**3.14** Defendant Starplex failed to exercise any reasonable precaution to protect business invitees, including Plaintiff, from the vicious and aggressive dog.

**3.15** As a result of the Defendants negligent, grossly negligent and/or reckless acts and/or omissions described herein, Plaintiff was injured, suffered, and continues to suffer, physical disability and pain, emotional trauma, medical expenses, loss of earnings and earning capacity, loss of consortium, and other damages.

## IV.   SECOND CAUSE OF ACTION – NEGLIGENCE

4.1   Plaintiff re-alleges the allegations set forth in Sections I through V and incorporates them as fully set forth herein.

4.2   The defendants owed Plaintiff a duty of care and a duty to act reasonably.

PROPOSED AMENDED COMPLAINT FOR DAMAGES
PAGE - 7

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

4.3     The defendants breached their duty of care and their duty to act reasonably by, among other things, allowing a dangerous or vicious dog to enter into The Gorge concert venue where it could have contact with other people.

4.4     The defendants breached their duty of care and their duty to act reasonably by, among other things, bringing a dangerous or vicious dog into The Gorge concert venue where it attacked and injured another person that was legally on the premises, to wit: Plaintiff.

4.5     The defendants breached their duty of care and their duty to act reasonably by, among other things, failing to adhere to rules and guidelines that prohibited dogs from being allowed on the premises, and by failing to control, confine and/or muzzle the dog so it could not injure or bite another human being.

4.6     As a direct and proximate result of Defendants' negligent acts and/or omissions, Plaintiff suffered traumatic injuries to his hand, physical disability and pain, emotional trauma and grief, loss of enjoyment of life, medical expenses, loss of earnings and earning capacity, emotional distress, and other damages, both past and future.

**V.     NO CONTRIBUTORY NEGLIGENCE / COMPARATIVE FAULT**

5.1     The damages suffered by Plaintiff was not caused by any fault, carelessness, or negligence on her part, but were caused solely and proximately by Defendants.

5.2     There are no other entities which caused or contributed to Plaintiff's injuries or damages.

PROPOSED AMENDED COMPLAINT FOR DAMAGES
PAGE - 8

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For all damages sustained by Plaintiff in an amount proven at trial, including past and future medical expenses and other health care expenses, pain and suffering, both mental and physical, past and future permanent partial disability and disfigurement, loss of enjoyment of life, past and future special damages, and exemplary damages;

2. Interest calculated at the maximum amount allowable by law, including pre- and post-judgment interest;

3. A reasonable attorney's fee as allowed by law;

4. Costs and disbursements pursuant to statute; and

5. Other and further relief as this Court may deem just and equitable.

Dated this 26h day of May 2020.

**DAVIS LAW GROUP, P.S.**

/S/ PETER J. BALZARINI
By: Christopher M. Davis, WSBA No. 23234
By: Peter J. Balzarini, WSBA No. 52854
Davis Law Group, P.S.
2101 Fourth Ave., Ste. 1030
Seattle, WA 98121
Tel: (206) 727-4000
Fax: (206) 727-4001
Email: chris@davislawgroupseattle.com
Email: pete@davislawgroupseattle.com

*Attorneys for Plaintiff*

PROPOSED AMENDED COMPLAINT FOR DAMAGES
PAGE - 9

**DAVIS LAW GROUP, P.S.**
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000