UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL J. WALLACE,<br><br>Plaintiff,<br><br>v.<br><br>LIVE NATION WORLDWIDE, INC., a Delaware Corporation doing business in Washington, STARPLEX CORPORATION d/b/a CROWD MANAGEMENT SERVICES, an Oregon Corporation doing business in Washington, and JOHN and JANE DOE DEFENDANTS 1 through 5,<br><br>Defendants. | Case No. C20-799RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR RELIEF UNDER RULE 59(e) OR RULE 60(b)(1) |

This matter comes before the Court on Plaintiff Michael Wallace's Motion for Reconsideration, to Amend Judgment, or Relief from Judgment. Dkt. #35. Plaintiff seeks reconsideration of the Court's Order on Summary Judgment, Dkt. #33, as well as relief under Rule 59(e) and Rule 60(b)(1). Defendants Starplex Corporation and Live Nation Worldwide, Inc. have filed opposition briefs. Dkts. #37 and #38.

On August 6, 2021, the Court granted summary judgment dismissal of all of Plaintiff's claims in this dog bite case. The Court discussed the standards for common law negligence for

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR RELIEF UNDER RULE 59(e) OR RULE 60(b)(1) - 1

dog bites under Washington State law, including liability for the owners of premises where the dog bite occurs. The Court found that "Defendants were not the owners of this dog," that "[a]t no point did Defendants take any step to control this animal," and that "Mr. Wallace does not articulate some other basis for Defendants to be liable under common law negligence." Dkt. # 33 at 5. Given all of the above, the Court concluded that Mr. Wallace failed to make a sufficient showing on an essential element of his negligence claims. The Court also dismissed a premises liability claim.

Plaintiff brings this Motion because he believes the Court failed to address one or possibly two of his claims in its Order. Plaintiff "respectfully requests the Court reconsider its order dismissing Plaintiff's case and allow Plaintiff's claims of regarding [sic] negligent security and/or enforcement of Defendants' own rules excluding dogs from premises to proceed." Dkt. #35 at 8. Plaintiff seeks to amend the judgment under Rule 59(e) because "Plaintiff believes there is a genuine issue of material fact regarding his claims regarding negligent security and/or enforcement of Defendants' own rules excluding dogs from premises." *Id*. Plaintiff moves for Rule 60(b)(1) relief for the exact same reason. *Id*. at 9.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

A district court has considerable discretion when considering a motion to alter or amend a judgment under Rule 59(e). *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A motion for relief from judgment under Rule 59(e) should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR RELIEF UNDER RULE 59(e) OR RULE 60(b)(1) - 2

initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted). Vacating a prior judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Rule 60(b)(1) allows this Court to relieve a party from an Order based on "mistake, inadvertence, surprise, or excusable neglect." Such mistakes include the Court's substantive errors of law or fact. *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004). In order to obtain relief under Rule 60(b)(1), the movant "must show that the district court committed a specific error." *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989).

Defendant Live Nation states "the crux of Plaintiff's Motion is that he has a unique theory of negligence dubbed "negligent security" that, Plaintiff argues, was not expressly considered or dismissed by the Court's Order Granting Summary Judgment." Dkt. #38 at 1. Live Nation points out that it moved to have *all* of Plaintiff's claims dismissed, that the Court's Order "expressly contemplated Plaintiff's negligence theory that relied on alleged deficient security practices," and that Plaintiff did not draw a distinction in his Response to Summary Judgment between a common law negligence claim vs. a claim for 'negligent security.'" *Id*. at 1–2. Live Nation argues:

> As the Court recognized, the record confirms that Live Nation did not take control of the subject dog, and Plaintiff failed to present any evidence that Live Nation had knowledge of the dog's dangerous propensities prior to the attack. Plaintiff cannot avoid the legal standards applicable to his claim simply by giving it a new moniker ("negligent security").
>
> …

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR RELIEF UNDER RULE 59(e) OR RULE 60(b)(1) - 3

> If Live Nation undertook a policy, failed to enforce it, and Plaintiff relied on it to his detriment, then perhaps there would be a different argument to be had, but that is not the case here. Plaintiff did not rely on Live Nation's policy to his detriment, and he did not present any facts to support the aforementioned standards applicable to establishing liability for a dog bite against an entity that neither controlled nor owned the subject dog.

*Id.* at 8.

The Court agrees with Live Nation. Plaintiff's Motion fails to present any new evidence that was not available when his response to summary judgment was due, and it fails to identify any errors made by the Court when evaluating Live Nation's Motion for Summary Judgment and Plaintiff's Response. Accordingly, relief under a motion for reconsideration is not warranted. Plaintiff has failed to demonstrate clear error or that the Court's Order is manifestly unjust. Relief under Rules 59(e) or 60(b)(1) is also not warranted as there is no showing of error. The Court will not grant Plaintiff a new opportunity to present legal argument or evidence that could have been presented in response to the underlying dispositive motion.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Michael Wallace's Motion for Reconsideration, to Amend Judgment, or Relief from Judgment, Dkt. #35, is DENIED.

DATED this 3rd day of September, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR RELIEF UNDER RULE 59(e) OR RULE 60(b)(1) - 4